IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

-----------------------------------------------------x

CARDINAL CAPITAL MANAGEMENT, INC.

        Plaintiff,

     v.                             Civil Action No.

CARDINAL CAPITAL MANAGEMENT, INC.

        Defendant.            **DEMAND FOR JURY TRIAL**

-----------------------------------------------------x

## COMPLAINT

Plaintiff Cardinal Capital Management, Inc. ("Plaintiff"), by and through its undersigned counsel, for its complaint against Defendant Cardinal Capital Management, Inc. ("Defendant"), hereby alleges and states the following:

## NATURE AND BASIS OF ACTION

1. This is an action to stop Defendant's infringement, unfair competition, and false designation of origin based upon Defendant's unauthorized use of Plaintiff's registered trademark CARDINAL CAPITAL MANAGEMENT, INC., in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C.

2. Plaintiff seeks immediate injunctive relief; actual damages; statutory damages; punitive damages; and recovery of Plaintiff's costs and reasonable attorneys' fees incurred in connection with this action due to Defendant's willful, unlawful acts.

1

## THE PARTIES

3. Plaintiff Cardinal Capital Management, Inc. is a corporation organized under the laws of the State of North Carolina, and is located and doing business at 2626 Glenwood Avenue, Suite 380, Raleigh, North Carolina, 27608.

4. Upon information and belief, Defendant Cardinal Capital Management, Inc. is a corporation organized under the laws of the State of Wisconsin, and is located and doing business at 901 S. 70th Street, West Allis, Wisconsin, 53214.

## JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. The Court also has supplemental jurisdiction over Plaintiffs' state and common law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391. Defendant resides in this District and a substantial part of the events giving rise to the claims against Defendant occurred in this District.

7. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant's principal office is located in West Allis, Wisconsin within this judicial district. Additionally, a substantial part of the acts giving rise to Plaintiff's causes of action have occurred in the State of Wisconsin, and Defendant has committed further tortious acts within this State that serve as the basis for Plaintiff's causes of action asserted herein.

## PLAINTIFF'S CARDINAL CAPITAL MANAGEMENT MARK

8. Plaintiff is an independent, SEC registered investment advisory firm that provides a wide range of investment advisory, investment counseling, and portfolio management.

9. Plaintiff has used the trade name and mark CARDINAL CAPITAL MANAGEMENT, INC. (hereinafter "Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark" or "Plaintiff's Mark") in connection with its financial services continuously and without interruption since at least as early as April 21, 1992.

10. Plaintiff promotes its mark and the services offered under Plaintiff's Mark on a web site located at <cardinalcapitalmanagement.com>.

11. Plaintiff is the owner of U.S. Trademark Registration No. 2,436,074 for Plaintiff's CARDINAL CAPITAL MANAGEMENT INC. ("Plaintiff's Registration"). Plaintiff's Registration is valid and incontestable, and constitutes presumptive evidence of Plaintiff's ownership of Plaintiff's Mark, the distinctiveness of Plaintiff's Mark, and Plaintiff's exclusive right to use Plaintiff's Mark throughout the United States. A copy of the Certificate of Registration for Plaintiff's Registration is attached hereto as Exhibit 1.

12. Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark is inherently distinctive.

13. As a result of Plaintiff's longstanding and substantially exclusive use of its CARDINAL CAPITAL MANAGEMENT Mark, its substantial revenues derived from the sales of services under the CARDINAL CAPITAL MANAGEMENT Mark, and its advertising and promotion of the CARDINAL CAPITAL MANAGEMENT Mark, consumers throughout the United States have come to recognize Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark and to associate it exclusively with Plaintiff.

14. Plaintiff enjoys a very high reputation and level of goodwill among relevant consumers throughout the United States in connection with Plaintiff's CARDINAL CAPITAL

3

MANAGEMENT Mark and the services offered under Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark.

## DEFENDANT'S UNLAWFUL CONDUCT

15. Upon information and belief, Defendant provides financial services related to the development, underwriting, financing, and management of real estate ("Defendant's Services").

16. Defendant is using the trade name and mark "Cardinal Capital Management, Inc." ("Defendant's Cardinal Capital Management Mark" or "Defendant's Mark") in connection with Defendant's Services.

17. Defendant promotes its mark and the services offered under Defendant's Mark on a web site located at <cardinalcapital.us>.

18. Defendant is in not in any way associated with Plaintiff.

19. Plaintiff has not authorized or licensed Defendant to use Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark, nor to associate itself with Plaintiff in any way.

20. Defendant has and is continuing to advertise, promote, distribute, offer for sale, and/or sell Defendant's Services under Defendant's Cardinal Capital Management Mark in interstate commerce, including in this judicial district.

21. Defendant's Mark is identical to Plaintiff's Mark.

22. Defendant's Services are closely related to Plaintiff's financial services, and consumers would expect these types of services to be offered by the same companies.

23. Defendant's Services are marketed and sold to the same types of consumers as Plaintiff's financial services.

24. Defendant's Services are marketed, provided, and sold through the same channels of trade as Plaintiff's financial services.

4

25. Defendant adopted and is using the "Cardinal Capital Management" name and mark with actual and constructive knowledge of Plaintiff's prior rights in Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark, and with the intent to mislead and confuse consumers into believing that Defendant's Services are provided by, authorized by, or associated with Plaintiff.

26. In 2005, Defendant's owner Eric Schwenker filed an application to register the mark CARDINAL CAPITAL MANAGEMENT (Application Serial No. 78/349,097) in connection with "acquisition, financing and management of low-income and special needs multifamily housing on behalf of nonprofit entities" with the United States Patent and Trademark Office ("USPTO").

27. The USPTO refused registration of Mr. Schwenker's application based upon a likelihood of confusion with Plaintiff's previously registered CARDINAL CAPITAL MANAGEMENT Mark in Plaintiff's Registration. The Examining Attorney stated that "the respective marks have the same commercial impression," "the respective services are directly related," and "these services are in the same trade channels and are encountered by the same consumers." A copy of the Office Action refusing registration of Mr. Schwenker's application is attached as Exhibit 2.

28. Mr. Schwenker did not contest the USPTO's refusal of his application, and consequently the application was deemed abandoned.

29. Despite the USPTO's finding that Defendant's Cardinal Capital Management Mark was confusingly similar to Plaintiff's Mark, Defendant proceeded to adopt and use the mark in commerce in connection with financial services closely related to those of Plaintiff.

5

30. Defendant's use of the "Cardinal Capital Management" name and mark has caused actual confusion. Plaintiff has received multiple inquiries from consumers, media, and law firms that were intended for Defendant.

31. On July 8, 2025, Plaintiff's counsel sent a letter to Defendant advising Defendant of Plaintiff's prior rights in Plaintiff's Mark and requesting that Defendant phase out its use of the "Cardinal Capital Management" name and mark and transition to a new mark. A copy of this letter is attached as Exhibit 3.

32. After not receiving any response to its July 8, 2025 letter, Plaintiff's counsel sent follow-up e-mails on July 22, 2025 and August 14, 2025. Plaintiff's counsel also did not receive any response to these e-mails. None of Plaintiff's counsel's letters or e-mails were returned as non-deliverable.

## COUNT I

### TRADEMARK INFRINGEMENT IN VIOLATION OF
### SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114

Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 32 of this Complaint, and incorporates them herein by reference.

33. Plaintiff is the owner of U.S. Reg. No. 2,436,074 for Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark.

34. Defendant is using the name and mark "Cardinal Capital Management, Inc.," which is identical to Plaintiff's Mark, in interstate commerce in connection with financial services and closely related services.

35. Plaintiff began using Plaintiff's Mark in interstate commerce long before Defendant's first use of the name and mark "Cardinal Capital Management, Inc."

6

36.     Defendant's unauthorized use of the "Cardinal Capital Management, Inc." name and mark in commerce in connection with the sale, offering for advertisement, marketing, sale, and provision of Defendant's Services is likely to cause confusion, cause mistake, and/or deceive prospective or actual customers and other members of the public.

37.     Upon information and belief, Defendant's purpose in using the infringing marks was and is to deceive, mislead and confuse customers, so as to trade on the substantial reputation and goodwill enjoyed by Plaintiff in connection with Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark.

38.     Defendant's adoption and unauthorized use of the infringing name and mark "Cardinal Capital Management, Inc." infringes Plaintiff's exclusive rights in its federally registered CARDINAL CAPITAL MANAGEMENT Mark in violation of Section 32, 15 U.S.C. § 1114, of the Lanham Act.

39.     Defendant's acts of infringement as alleged herein have caused, are causing, and will continue to cause irreparable injury and harm to Plaintiff's business, reputation, and goodwill, unless Defendant's unlawful conduct is enjoined by this Court.

40.      Pursuant to 15 U.S.C. §§ 1116 and 1117, Plaintiff is entitled to preliminary and permanent injunctive relief again Defendant's infringement of Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark, as well as monetary damages to redress the harm caused by Defendant's infringing acts, including but not limited to actual damages, Defendant's profits, attorneys' fees, and costs.

41.     Defendant's infringing acts are willful, wanton and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and its reasonable attorney fees pursuant to 15 U.S.C. § 1117.

## COUNT II

### UNFAIR COMPETITION IN VIOLATION OF
### SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 32 of this Complaint, and incorporates them herein by reference.

42. Plaintiff has used Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark in connection with financial services and related services in interstate commerce in the United States continuously and without interruption since at least as early as April of 1992.

43. Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark is a highly distinctive indicator of source that is exclusively associated with Plaintiff.

44. Plaintiff has received substantial revenues from its sales of financial services under Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark in the United States.

45. Plaintiff has advertised and promoted Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark and the services offered thereunder for many years.

46. As a result, Plaintiff has developed significant consumer recognition and goodwill in Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark.

47. Defendant is currently using the name and mark "Cardinal Capital Management, Inc." in connection with financial services in interstate commerce.

48. Defendant adopted and began using Defendant's "Cardinal Capital Management, Inc." name and mark in connection with financial services and related services long after Plaintiff began using Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark, and long after Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark became distinctive.

49. Defendant's "Cardinal Capital Management, Inc." name and mark is identical to Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark.

50. Defendant's use of the "Cardinal Capital Management, Inc." name and mark in connection with Defendant's Services is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin, sponsorship or approval of Defendant, its services, and/or its commercial activities by or with Plaintiff, and therefore constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Defendant's acts of infringement and unfair competition as alleged herein have caused, are causing, and will continue to cause irreparable injury and harm to Plaintiff's business, reputation, and goodwill, unless Defendant's unlawful conduct is enjoined by this Court.

52. Pursuant to 15 U.S.C. §§ 1116 and 1117, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant's infringing acts, as well as monetary damages for Defendant's Lanham Act violations.

53. Plaintiff is entitled to recover all damages sustained by Defendant's actions, all profits realized by Defendant through Defendant's infringing use of the "Cardinal Capital Management, Inc." name and mark, and its costs incurred in this action.

54. Defendant's acts are willful, wanton and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiffs to recover additional damages and its reasonable attorney fees pursuant to 15 U.S.C. § 1117.

## COUNT III

### UNFAIR COMPETITION IN VIOLATION
### OF WISCONSIN COMMON LAW

Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 of this Complaint, and incorporates them herein by reference.

9

55. Plaintiff has used Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark in connection with financial services and related services in interstate commerce in the United States continuously and without interruption since at least as early as April of 1992.

56. Plaintiff has received substantial revenues from its sales of financial services under Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark.

57. Plaintiff has advertised and promoted Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark and the services offered thereunder for many years.

58. As a result, Plaintiff has developed significant consumer recognition and goodwill in Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark.

59. Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark is legally protectable as a trade name and trademark in the State of Wisconsin.

60. Defendant is currently using the name and mark "Cardinal Capital Management, Inc." in connection with financial services and related services in interstate commerce in the State of Wisconsin.

61. Defendant adopted and began using Defendant's "Cardinal Capital Management, Inc." name and mark in connection with financial services and related services long after Plaintiff began using Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark, and long after Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark became distinctive.

62. Defendant's "Cardinal Capital Management, Inc." name and mark is identical to Plaintiff's CARDINAL CAPITAL MANAGEMENT Mark.

63. Defendant's use of the "Cardinal Capital Management, Inc." name and mark in connection with financial services and related services in the State of Wisconsin is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin, sponsorship or approval of

10

Defendant, its services, and/or its commercial activities by or with Plaintiff, and therefore constitutes unfair competition in violation of the common law of the State of Wisconsin.

64.     Defendant's acts of infringement and unfair competition as alleged herein have caused, are causing, and will continue to cause irreparable injury and harm to Plaintiff's business, reputation, and goodwill in the State of Wisconsin, unless Defendant's unlawful conduct is enjoined by this Court.

65.     Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant's infringing acts, as well as monetary damages.

66.     Plaintiff is entitled to recover all damages sustained by Defendant's actions, all profits realized by Defendant through Defendant's infringing use of the "Cardinal Capital Management, Inc." name and mark, and its costs incurred in this action.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor and grant the following relief:

A.     Compensatory damages, consisting of general and special damages, in an amount to be proven at trial;

B.     An award of punitive damages;

C.     A preliminary and permanent injunction enjoining Defendant, and all others acting in privity or in concert with Defendant, from advertising, marketing, selling, or providing any services under the name and mark "Cardinal Capital Management, Inc." or any other mark

11

containing "Cardinal Capital Management," or any other mark confusingly similar to Plaintiff's

CARDINAL CAPITAL MANAGEMENT Mark;

D.      An order transferring Defendant's <cardinalcapital.us> domain name to Plaintiff;

E.      Reasonable attorney fees and costs in prosecuting this action as provided by § 35(a) of the

Lanham Act, 15 U.S.C. § 1117; and

F.      Any other relief as the interests of justice may require.

Dated:  June 16, 2026

Respectfully submitted,

CARDINAL CAPITAL MANAGEMENT, INC.

By: _____

Keith D. Parr
BUCHANAN INGERSOLL & ROONEY PC
150 N. Riverside Plaza
Suite 2800
Chicago, IL  60606
Wisconsin Bar No. 1118462
Tel.:    (312) 261-8777
keith.parr@bipc.com


By: /s/ Bassam N. Ibrahim

Bassam N. Ibrahim
Bryce J. Maynard
BUCHANAN INGERSOLL & ROONEY PC
1700 K Street NW #300
Washington, DC  20006
Tel.:    (202) 452-7900
bassam.ibrahim@bipc.com
bryce.maynard@bipc.com


*Attorneys for Plaintiff*

13

# EXHIBIT 1

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,436,074

United States Patent and Trademark Office    Registered Mar. 20, 2001

## SERVICE MARK
### PRINCIPAL REGISTER

# CARDINAL CAPITAL MANAGEMENT, INC.

•

CARDINAL CAPITAL MANAGEMENT, INC. (NORTH CAROLINA CORPORATION) 801 OBERLIN ROAD, SUITE 330 RALEIGH, NC 27605

FOR: INVESTMENT COUNSELING AND PORT-FOLIO MANAGEMENT SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-21-1992; IN COMMERCE 4-21-1992.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CAPITAL MANAGEMENT, INC.", APART FROM THE MARK AS SHOWN.

SER. NO. 75-247,648, FILED 2-25-1997.

CHARLES L. JENKINS, EXAMINING ATTORNEY

# EXHIBIT 2

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**: 78/349097

**APPLICANT**:                    Erich Schwenker

**CORRESPONDENT ADDRESS**:
    Bruce A. McIlnay
    Maier McIlnay & Schmitt, Ltd.
    Suite 603
    101 Falls Road
    Grafton, WI 53024

**MARK**:       CARDINAL CAPITAL MANAGEMENT

**CORRESPONDENT'S REFERENCE/DOCKET NO** :   N/A

**CORRESPONDENT EMAIL ADDRESS**:
    bruce@legalmms.com

## *78349097*

**RETURN ADDRESS**:
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE**.

Serial Number  78/349097

The assigned trademark examining attorney has reviewed the referenced application filed on January 7, 2004, and has determined the following.

### <u>Refusal – Likelihood of Confusion</u>
Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2,436,074.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq*.  See the enclosed registration.

Trademark Act Section 2(d) bars registration where an applied-for mark so resembles a registered mark that it is likely, when applied to the goods and/or services, to cause confusion, mistake or to deceive the potential consumer as to the source of the goods and/or services.  TMEP §1207.01.  The Court in *In re E. I. DuPont de Nemours & Co.,* 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973), listed the principal factors to consider in determining whether there is a likelihood of confusion.  Among these factors are the similarity of the marks as to appearance, sound, meaning and commercial impression, and the relatedness of the goods and/or services.  The overriding concern is to prevent buyer confusion as to the source of the goods and/or services.  *Miss Universe, Inc. v. Miss Teen U.S.A., Inc.*, 209 USPQ 698 (N.D. Ga. 1980).  Therefore, any doubt as to the existence of a likelihood of confusion must be resolved in favor of the registrant.  *In re Hyper Shoppes (Ohio), Inc.,* 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); *Lone Star Mfg. Co. v. Bill Beasley, Inc.,* 498 F.2d 906, 182 USPQ 368 (C.C.P.A. 1974).

The applicant is seeking the registration of CARDINAL CAPITAL MANAGEMENT for real estate acquisition, financing and management.  The registered mark is CARDINAL CAPITAL MANAGEMENT, INC. for investment counseling and portfolio management.

The proposed mark is virtually identical to the registered mark, but for the incapable entity designation "INC"  in the registered mark.  Consequently, the respective marks have the same commercial impression.

Furthermore, as shown by the attached registrations, the respective services are directly related.  Consequently, these services are in the same trade channels and are encountered by the same consumers.

Therefore, consumers are likely to confuse the source of the applicant's  services with the source of the registrant's  services, upon encountering them in the marketplace.

For the foregoing reasons, registration is refused.

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration. If applicant chooses to respond to the refusal(s) to register, then applicant must also respond to the following requirement(s).

**Disclaimer**
Applicant is requested to either (1) confirm the inclusion in the record of the voluntary disclaimer of CARDINAL, or (2) request that it be withdrawn. The trademark examining attorney would not have required a disclaimer of this wording because it is not descriptive.

While an applicant may voluntarily disclaim registrable matter, if applicant in this case entered the disclaimer under the mistaken belief that it would have been required, then applicant may withdraw the disclaimer. TMEP §1213.01(c).

However, applicant must amend the disclaimer of the descriptive wording "CAPITAL MANAGEMENT" apart from the mark as shown because it is used in a unitary manner. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a).

The computerized printing format for the Office's *Trademark Official Gazette* requires a standardized format for a disclaimer. TMEP §1213.08(a)(i). The following is the standard format used by the Office:

No claim is made to the exclusive right to use "CAPITAL MANAGEMENT" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

**Entity**
Applicant must clarify its entity type because there is an inconsistency in the application. Specifically, the application indicates that there are two owners.

A mark is usually owned by a single business entity or one individual. If both named applicants own the mark jointly, they must state that they are *joint* applicants. TMEP §803.03(d). Applicant cannot amend the application to designate another entity as the applicant. If the application was filed in the name of the wrong party, then this application is considered void. In such a case, the true owner may refile a new application for the mark, with a new filing fee. TMEP §803.06.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

**NOTICE: TRADEMARK OPERATION RELOCATING OCTOBER AND NOVEMBER 2004**

The Trademark Operation is relocating to Alexandria, Virginia, in October and November 2004. Effective October 4, 2004, all Trademark-related paper mail (except documents sent to the Assignment Services Division for recordation, certain documents filed under the Madrid Protocol, and requests for copies of trademark documents) must be sent to:

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

Applicants, registration owners, attorneys and other Trademark customers are strongly encouraged to correspond with the USPTO online via the Trademark Electronic Application System (TEAS), at www.uspto.gov.

My Law Office will move on October 18, 2004. To reach me by phone after that date call (571) 272-**9180**.

To submit a **fax** response to this Office action after that date, send your response to the Law Office fax number, namely (571) 273-9180.

/Linda M. King/
Trademark Attorney
Law Office 116
703-306-7907
Linda.King@uspto.gov

**How to respond to this Office Action:**

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit **http://www.uspto.gov/teas/index.html** and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at **http://tarr.uspto.gov/**

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

Case 2:26-cv-01083-BHL    Filed 06/17/26    Page 19 of 51    Document 1

## TYPED DRAWING

**Serial Number**
75247648

**Status**
REGISTERED

**Word Mark**
CARDINAL CAPITAL MANAGEMENT, INC.

**Standard Character Mark**
No

**Registration Number**
2436074

**Date Registered**
2001/03/20

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
Cardinal Capital Management, Inc. CORPORATION NORTH CAROLINA 801
Oberlin Road, Suite 330 Raleigh NORTH CAROLINA 27605

**Goods/Services**
Class Status -- ACTIVE.  IC 036.  US  100 101 102.  G & S: investment
counseling and portfolio management services.  First Use: 1992/04/21.
First Use In Commerce: 1992/04/21.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CAPITAL MANAGEMENT,
INC." APART FROM THE MARK AS SHOWN.

**Filing Date**
1997/02/25

**Examining Attorney**
JENKINS, CHARLES L.

**Attorney of Record**
ADRIENNE L WHITE

-1-

**DESIGN MARK**

**Serial Number**
76279735

**Status**
REGISTERED

**Word Mark**
TRUSTED CHOICE

**Standard Character Mark**
No

**Registration Number**
2863176

**Date Registered**
2004/07/13

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
INDEPENDENT INSURANCE AGENTS & BROKERS OF AMERICA, INC. CORPORATION
NEW YORK 127 SOUTH PEYTON STREET ALEXANDRIA VIRGINIA 22314

**Goods/Services**
Class Status -- ACTIVE.  IC 036.  US  100 101 102.  G & S: insurance
services, namely, providing insurance and annuity brokerage and
underwriting services in the field of agricultural insurance, auto
insurance, aviation insurance, computer/technology insurance,
construction insurance, disability insurance, employment insurance,
fishing insurance, forestry insurance, health insurance, life
insurance, medical insurance, marine insurance, mining insurance,
municipality insurance, professional insurance, property insurance,
public administration insurance, public utility insurance,
recreational vehicle insurance, transportation insurance, and shipping
insurance; insurance agencies, insurance consultation and brokerage in
the fields life, property and casualty, accident and health; financial
services, namely, providing financial analysis, consultation, planning
and management, stock brokerage and portfolio management, commercial
and consumer lending, mortgage lending, and mortgage financing,
providing financial information in the nature of right to exchange,
estate planning, and financial planning services in the nature of

-1-

retirement, gift, and distribution planning.   First Use: 2001/10/24.
First Use In Commerce: 2001/10/24.

**Filing Date**
2001/07/02

**Examining Attorney**
JENKINS, CHARLES L.

**Attorney of Record**
PATRICK J. COYNE

Case 2:26-cv-01083-BHL     Filed 06/17/26     Page 22 of 51     Document 1

# TRUSTED CHOICE

## DESIGN MARK

**Serial Number**
76438341

**Status**
REGISTERED

**Word Mark**
T-REX CAPITAL

**Standard Character Mark**
No

**Registration Number**
2851599

**Date Registered**
2004/06/08

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
T-Rex Capital LLC LIMITED LIABILITY COMPANY DELAWARE 747 Third Avenue,
24th Floor New York NEW YORK 10017

**Goods/Services**
Class Status -- ACTIVE.  IC 036.  US  100 101 102.  G & S: FINANCIAL
SERVICES, NAMELY, TARGETING, FINANCING, STRUCTURING, CAPITAL
DEVELOPMENT, PARTNERING AND MANAGEMENT OF REAL ESTATE,
TELECOMMUNICATIONS, TECHNOLOGY, GENERAL OFFICE, RESIDENTIAL AND
HOSPITALITY FACILITIES AND OF INVESTMENTS IN REAL ESTATE,
TELECOMMUNICATIONS, TECHNOLOGY, GENERAL OFFICE, RESIDENTIAL AND
HOSPITALITY FACILITIES; FINANCIAL PLANNING, ANALYSIS AND CONSULTATION
SERVICES; VENTURE CAPITAL FUNDING SERVICES TO EMERGING AND START-UP
COMPANIES; REAL ESTATE MANAGEMENT, INVESTMENT, LEASING AND REAL ESTATE
CAPITAL PLANNING SERVICES; INVESTMENT MANAGEMENT, CONSULTATION AND
ADVISORY SERVICES; FUND INVESTMENT SERVICES; FINANCIAL AND INVESTMENT
PORTFOLIO MANAGEMENT SERVICES; FINANCIAL AND INVESTMENT RESEARCH
SERVICES.  First Use: 2000/01/00.  First Use In Commerce: 2000/01/00.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CAPITAL" APART FROM
THE MARK AS SHOWN.

-1-

**Filing Date**
2002/08/07

**Examining Attorney**
WATSON, JULIE

**Attorney of Record**
John P. Rynkiewicz, Esq.

-2-

# T-REX CAPITAL

**DESIGN MARK**

**Serial Number**
78001604

**Status**
REGISTERED

**Word Mark**
FIRST COUNTY BANK

**Standard Character Mark**
No

**Registration Number**
2734679

**Date Registered**
2003/07/08

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
F.N.B. Corporation CORPORATION PENNSYLVANIA Hermitage Square Hermitage
PENNSYLVANIA 16148

**Goods/Services**
Class Status -- ACTIVE. IC 036. US 100 101 102. G & S: Banking
services; financial services in the nature of an investment security
services, financial analysis and consultation, financial clearing
houses, financial information in the nature of rates of exchange,
financial exchange, financial forecasting, financial guarantee and
surety, financial information provided by electronic means, financial
management, financial planning, financial portfolio management,
financial research, financial valuation of personal property and real
estate, loan financing, lease-purchase financing, financing services,
financial portfolio management, financial valuation of personal
property and real estate; and investment services, namely investment
brokerage, capital investment consultation, commodity investment
advice, fund investment consultation, investment consultation,
financial investment in the field of securities, financial services in
the nature of an investment security, funds investment, mutual funds
investment, real estate investment, commodity investment advice,
investment advice, investment brokerage, investment clubs, capital

-1-

investment consultation, investment management, maintaining escrow accounts for investments, investment of funds for others; information services for all of the foregoing provided via a global computer network.  First Use: 2000/03/15.  First Use In Commerce: 2000/03/15.

**Prior Registration(s)**
1761680;1828543;1858863;1872786;2039223;2273860;2275671;2494491;AND OTHERS

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BANK" APART FROM THE MARK AS SHOWN.

**Section 2f Statement**
2(F) ENTIRE MARK

**Filing Date**
2000/03/29

**Examining Attorney**
STOIDES, KATHERINE

**Attorney of Record**
Jennifer L. Whitelaw

-2-



**TYPED DRAWING**

**Serial Number**
78112589

**Status**
REGISTERED

**Word Mark**
FROST

**Standard Character Mark**
No

**Registration Number**
2831805

**Date Registered**
2004/04/13

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
Cullen/Frost Bankers, Inc. "NATIONAL BANKING ASSOCIATION" UNITED STATES One Hundred West Houston Street P.O. Box 1600 San Antonio TEXAS 78296

**Goods/Services**
Class Status -- ACTIVE. IC 036. US 100 101 102. G & S: Consumer, commercial and mortgage banking services; providing bank accounts; providing certificates of deposit; financing services; automated teller machine services; electronic cash transactions; providing bank account information by telephone, electronically and via the Internet; checking account services; check cashing; travelers' check issuance; money order issuance; safe deposit box services; check processing; check verification; debit card services; electronic bill payment services; currency exchange and advice; financial and estate planning; estate trust management; estate administration; administration of employee benefit and pension plans; financial analysis and consultation; correspondent banking services; financial clearinghouse services; financial forecasting; financial guaranty and surety services; guaranty cash management; cash replacement rendered by credit card; credit card services; credit card transaction processing services; credit card verification; credit inquiry and consultation;

-1-

evaluation of credit bureau data; factoring services; fiduciary representatives; real estate appraisal and investment services; real estate trustee services; tax payment processing services; insurance agencies and brokerages in the fields of home, life, accident, automobile, medical, property and casualty long-term care; insurance consultation; insurance administration in the fields of home, life and accident insurance; electronic processing of insurance claims and payment data; claims adjustment services in the field of insurance; investment brokerage; stock brokerage; commodity brokerage; investment services; investment banking services; fund investment consultation; escrow accounts for investments and mortgages; capital investment consultation; commodity investment advice; commodity and stock quotations; stock and commodity trading for others; automated securities brokerage; mutual fund brokerage; mutual fund investment and distribution; financial portfolio management; financial research; fiscal assessment and evaluation; bonds and financial securities brokerage. First Use: 1899/00/00. First Use In Commerce: 1899/00/00.

**Filing Date**
2002/03/05

**Examining Attorney**
PERRY, KIMBERLY

**Attorney of Record**
Dwayne K. Goetzel

-2-

**TYPED DRAWING**

**Serial Number**
78112781

**Status**
REGISTERED

**Word Mark**
RATECLIMBER

**Standard Character Mark**
No

**Registration Number**
2729172

**Date Registered**
2003/06/24

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
F.N.B. Corporation CORPORATION FLORIDA Hermitage Square, One F.N.B. Boulevard Hermitage PENNSYLVANIA 16148

**Goods/Services**
Class Status -- ACTIVE.  IC 036.  US  100 101 102.  G & S: banking services; depository services, namely checking, savings, mutual funds and money market accounts, certificates of deposit and deposit and direct deposit services, financial services in the nature of an investment security services,financial analysis and consultation, financial clearing houses, financial information in the nature of rates of exchange, financial exchange, financial forecasting, financial guarantee and surety, financial information provided by electronic means, financial management, financial planning, financial portfolio management, financial research, financial valuation of personal property and real estate, loan financing, lease-purchase financing, financing services, financial portfolio management, financial valuation of personal property and real estate; and Investment services, namely investment brokerage, capital investment consultation, commodity investment advice, fund investment consultation, investment consultation, financial investment in the field of securities, financial services in the nature of an investment

-1-

security, funds investment, mutual funds investment, real estate investment, commodity investment advice, investment advice, investment brokerage, investment clubs, capital investment consultation, investment management, maintaining escrow accounts for investments, investment of funds for others; Investment services, namely capital investment, fund investment consultation and investment consultation; commodity investment advice, investment advice, investment management; investment and financial investment in the field of real estate, securities; financial services in the nature of an investment security; investment of funds, mutual funds, and real estate; investment brokerage, investment clubs; financial services in the nature of an investment security; maintaining escrow accounts for investments; and mutual fund services; information services for all of the foregoing provided via a global computer network.  First Use: 2002/03/03.  First Use In Commerce: 2002/03/03.

**Filing Date**
2002/03/05

**Examining Attorney**
COLEMAN, CIMMERIAN

**Attorney of Record**
Jennifer L. Whitelaw

-2-

**DESIGN MARK**

**Serial Number**
78137295

**Status**
REGISTERED

**Word Mark**
BOUCHARD INSURANCE

**Standard Character Mark**
No

**Registration Number**
2704817

**Date Registered**
2003/04/08

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
FIRST NATIONAL BANKSHARES OF FLORIDA, INC. CORPORATION FLORIDA 2150
GOODLETTE ROAD, NORTH NAPLES FLORIDA 34102

**Goods/Services**
Class Status -- ACTIVE.  IC 036.  US  100 101 102.  G & S: Banking
services; financial services in the nature of an investment security;
financial information in the nature of rates of exchange, financial
exchange, financial forecasting and financial guarantee and surety;
financial information provided by electronic means; financial
management; financial planning; financial portfolio management;
financial research; financial valuation of personal property and real
estate; loan financing; lease-purchase financing; financing services;
financial portfolio management; and investment services, namely
investment brokerage; capital investment consultation; commodity
investment advice; fund investment consultation; investment
consultation; financial investment in the field of securities; funds
investment; mutual funds investment; real estate investment; commodity
investment advice; investment advice; investment brokerage; investment
clubs; capital investment consultation; investment management;
maintaining escrow accounts for investments; investment of funds for
others; insurance services, namely insurance underwriting, brokerage

-1-

and extended warranty contracts in the fields of life, health, accident, fire, marine, medical and pre-paid health care and legal services; insurance administration in the field of life, health, accident, fire, marine, medical and pre-paid health care and legal services; insurance agencies in the fields of life, health, accident, fire, marine, medical and pre-paid health care and legal services; appraisals for insurance claims of personal property and real estate; insurance brokerage, consultation, subrogation and actuarial services in the fields of life, health, accident, fire, marine, medical and pre-paid health care and legal services; and information services for all for the foregoing provided via a global computer network. First Use: 2002/02/18. First Use In Commerce: 2002/02/18.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INSURANCE" APART FROM THE MARK AS SHOWN.

**Filing Date**
2002/06/20

**Examining Attorney**
WILLIAMS, IRENE D.

**Attorney of Record**
Jennifer L. Whitelaw

-2-



**DESIGN MARK**

**Serial Number**
78148138

**Status**
REGISTERED

**Word Mark**
BCF BANK OF CENTRAL FLORIDA

**Standard Character Mark**
No

**Registration Number**
2857799

**Date Registered**
2004/06/29

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
F.N.B. Corporation CORPORATION FLORIDA Hermitage Square One F.N.B.
Boulevard Hermitage PENNSYLVANIA 16148

**Goods/Services**
Class Status -- ACTIVE.  IC 036.  US  100 101 102.  G & S: Banking
services; financial services in the nature of an investment security;
financial information in the nature of rates of exchange, financial
exchange, financial forecasting and financial guarantee and surety;
financial information provided by electronic means; financial
management; financial planning; financial portfolio management;
financial research; financial valuation of Personal property and real
estate; loan financing; lease-purchase financing; financing services;
investment services, namely investment brokerage; capital investment
consultation commodity investment advice; fund investment
consultation; investment consultation; financial investment in the
field of securities; funds investment; mutual funds investment; real
estate investment; commodity investment advice; investment advice;
investment brokerage; investment clubs; capital investment
consultation; investment management; maintaining escrow accounts for
investments; investment of funds for others; insurance services,
namely insurance underwriting, brokerage and extended warranty

-1-

contracts in the fields of life health accident fire marine medical legal and pre-paid health care services; insurance administration in the field of life, health, accident, fire, marine, medical, legal and pre-paid health care services; insurance agencies in the fields of life, health, accident, fire, marine, medical, legal and pre-paid health care services; appraisals for insurance claims of personal property and real estate; insurance brokerage, consultation, subrogation and actuarial services in the fields of life, health, accident, fire, marine, medical, legal and pre-paid health care services; electronic interactive banking services; debit card services; credit card services; electronic interactive banking services; internet banking services; safety deposit box services and information services for all for the foregoing provided via a global computer network. First Use: 1997/06/01. First Use In Commerce: 1997/06/01.

**Prior Registration(s)**
2039223;2295406;AND OTHERS

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BANK OF" APART FROM THE MARK AS SHOWN.

**Section 2f Statement**
AS TO "CENTRAL FLORIDA"

**Filing Date**
2002/07/26

**Examining Attorney**
FAIRBANKS, RON

**Attorney of Record**
Jennifer L. Whitelaw

-2-



**BANK OF CENTRAL FLORIDA**

**DESIGN MARK**

**Serial Number**
78210012

**Status**
REGISTERED

**Word Mark**
F.N.B. WEALTH MANAGEMENT

**Standard Character Mark**
No

**Registration Number**
2864928

**Date Registered**
2004/07/20

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
FIRST NATIONAL BANKSHARES OF FLORIDA, INC. CORPORATION FLORIDA 2150
GOODLETTE ROAD, NORTH NAPLES FLORIDA 34102

**Goods/Services**
Class Status -- ACTIVE.  IC 036.  US  100 101 102.  G & S: Banking
services; safe deposit box services; depository services, namely
checking account services, savings account services, certificate of
deposit account services, holiday and vacation club accounts,
Individual Retirement Accounts, Self Employed Qualified Retirement
Plans, rent security accounts and money market account services;
direct deposit services; mutual funds services; trust services;
lending services, namely mortgage, consumer, retail and commercial
loans; fiduciary services and trust administration; financial analysis
and consultation; financial clearing houses; financial services in the
nature of an investment security; financial information in the nature
of rates of exchange, financial exchange, financial forecasting and
financial guarantee and surety; financial information provided by
electronic means; financial management; financial planning; financial
portfolio management; financial research; financial valuation of
personal property and real estate; loan financing; lease-purchase
financing; financing services; investment services, namely investment

-1-

brokerage; capital investment consultation and advice; fund investment consultation; investment consultation; financial investment in the field of securities; funds investment; mutual funds investment; real estate investment; commodity investment advice; investment advice; investment brokerage; investment clubs; capital investment consultation; investment management; maintaining escrow accounts for investments; investment of funds for others; investment of funds, mutual funds and real estate; capital investment; investment of trust funds for others; financing housing for moderate income citizens; insurance services, namely insurance underwriting, brokerage and extended warranty contracts in the fields of life, health, accident, fire, marine, medical and pre-paid health care and legal services; insurance administration and agencies in the field of life, health, accident, fire, marine, medical and pre-paid health care and legal services; insurance agencies in the fields of life, health, accident, fire, marine, medical and pre-paid health care and legal services; appraisals for insurance claims of personal property and real estate; insurance brokerage, consultation, subrogation and actuarial services in the fields of life, health, accident, fire, marine, medical and pre-paid health care and legal services; investment and financial investment in the field of real estate and securities; debit card services; credit card services; electronic interactive banking services; internet banking services; telephone banking services; automated teller machine services; and information services for all for the foregoing provided via a global computer network.  First Use: 2003/01/00.  First Use In Commerce: 2003/01/00.

**Prior Registration(s)**
2308321;2685150;2690885

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WEALTH MANAGEMENT" APART FROM THE MARK AS SHOWN.

**Section 2f Statement**
as to "F.N.B. WEALTH MANAGEMENT"

**Filing Date**
2003/02/03

**Examining Attorney**
PERKINS, KARLA

**Attorney of Record**
Jennifer L. Whitelaw

-2-



**TYPED DRAWING**

**Serial Number**
78226415

**Status**
REGISTERED

**Word Mark**
AMERICAN GENERAL

**Standard Character Mark**
No

**Registration Number**
2864984

**Date Registered**
2004/07/20

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
American International Group, Inc. CORPORATION DELAWARE 70 Pine Street Chicago ILLINOIS 10270

**Goods/Services**
Class Status -- ACTIVE. IC 036. US 100 101 102. G & S: INSURANCE UNDERWRITING IN THE FIELDS OF LIFE, ACCIDENT, HEALTH, DISABILITY, AND CREDIT; INSURANCE ADMINISTRATION; FINANCIAL PLANNING, NAMELY, INSURANCE PLANNING, ESTATE AND RETIREMENT PLANNING; EXECUTIVE RETIREMENT FINANCIAL AND INVESTMENT CONSULTATION; INSURANCE BENEFITS CONSULTATION; INSURANCE CONSULTATION; INSURANCE AGENCIES; INSURANCE BROKERAGE; FINANCING SERVICES, NAMELY, ORIGINATING AND SERVICING THE MORTGAGE FINANCING OF COMMERCIAL AND RESIDENTIAL PROPERTIES; INVESTMENT CONSULTATION AND RETIREMENT PLANNING SERVICES, NAMELY, RETIREMENT PLANNING AND ASSET ALLOCATION SERVICES AND INVESTMENT PLANNING; ESTATE TRUST MANAGEMENT; ADMINISTRATION OF RETIREMENT PLANS; ESTABLISHING FIXED ANNUITY AND DEFERRED CONTRIBUTION RETIREMENT PLANS FOR OTHERS; CONSUMER LENDING SERVICES, NAMELY, PROVIDING CONSUMER LOANS, HOME EQUITY LOANS, REAL ESTATE SECURED LOANS AND RETAIL INSTALLMENT LOANS; ADMINISTRATION OF MUTUAL FUNDS; INVESTMENT COUNSELING SERVICES; VARIABLE ANNUITY UNDERWRITING SERVICES; MUTUAL FUND SERVICES, NAMELY, MUTUAL FUND INVESTMENT, MUTUAL FUND

-1-

DISTRIBUTION AND MUTUAL FUND BROKERAGE; BANKING SERVICES. First Use: 1998/10/19. First Use In Commerce: 1998/10/19.

**Prior Registration(s)**
0803239;1168668;1173600;2672507;AND OTHERS

**Filing Date**
2003/03/17

**Examining Attorney**
GARTNER, JOHN

**Attorney of Record**
Claudia M. Werner, Esq.

-2-

**DESIGN MARK**

**Serial Number**
78253659

**Status**
REGISTERED

**Word Mark**
BUSINESS ON THE GO CHECK CARD

**Standard Character Mark**
No

**Registration Number**
2832118

**Date Registered**
2004/04/13

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
F.N.B. Corporation CORPORATION FLORIDA Hermitage Square One F.N.B.
Boulevard Hermitage PENNSYLVANIA 16148

**Goods/Services**
Class Status -- ACTIVE.  IC 036.  US  100 101 102.  G & S: Banking
services; safe deposit box services; depository services, namely
checking account services, savings account services, certificate of
deposit account services, holiday and vacation club accounts,
Individual Retirement Accounts, Self Employed Qualified Retirement
Plans, rent security accounts and money market account services;
direct deposit services; mutual funds services; trust services;
lending services, namely mortgage, consumer, retail and commercial
loans; fiduciary services and trust administration; financial analysis
and consultation; financial clearing houses; financial services in the
nature of an investment security; financial information in the nature
of rates of exchange, financial exchange, financial forecasting and
financial guarantee and surety; financial information provided by
electronic means; financial management; financial planning; financial
portfolio management; financial research; financial valuation of
personal property and real estate; loan financing; lease-purchase
financing; financing services; investment services, namely investment

-1-

brokerage; capital investment consultation and advice; fund investment consultation; investment consultation; financial investment in the field of securities; funds investment; mutual funds investment; real estate investment; commodity investment advice; investment advice; investment brokerage; investment clubs; capital investment consultation; investment management; maintaining escrow accounts for investments; investment of funds for others; investment of funds, mutual funds and real estate; capital investment; investment of trust funds for others; financing housing for moderate income citizens; insurance services, namely insurance underwriting, brokerage and extended warranty contracts in the fields of life, health, accident, fire, marine, medical and pre-paid health care and legal services; insurance administration and agencies in the field of life, health, accident, fire, marine, medical and pre-paid health care and legal services; insurance agencies in the fields of life, health, accident, fire, marine, medical and pre-paid health care and legal services; appraisals for insurance claims of personal property and real estate; insurance brokerage, consultation, subrogation and actuarial services in the fields of life, health, accident, fire, marine, medical and pre-paid health care and legal services; investment and financial investment in the field of real estate and securities; debit card services; credit card services; electronic interactive banking services; internet banking services; telephone banking services; automated teller machine services; and information services for all for the foregoing provided via a global computer network.  First Use: 2003/04/10.  First Use In Commerce: 2003/04/10.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CHECK CARD" APART FROM THE MARK AS SHOWN.

**Filing Date**
2003/05/23

**Examining Attorney**
HWANG, JOHN

**Attorney of Record**
Jennifer L. Whitelaw

-2-

# Business on the GO
## CHECK CARD

# EXHIBIT 3



**Bassam N. Ibrahim**
703 838 6584
bassam.ibrahim@bipc.com

P.O. Box 1404
Alexandria, VA  22313-1404

1737 King Street, Suite 500
Alexandria, VA  22314-2727

T 703 836 6620
F 703 836 2021
www.buchananingersoll.com

July 8, 2025

**VIA COURIER**

Erich Schwenker
President
Cardinal Capital Management, Inc.
901 South 70th Street
West Allis, WI  53214

> Re: Cardinal Capital Management, Inc. (Raleigh, North Carolina);
> Unauthorized Use of "Cardinal Capital Management" Name and Mark;
> Our Reference:  1031132-000002

Dear Mr. Schwenker:

We represent Cardinal Capital Management, Inc. of Raleigh, North Carolina ("Cardinal") in connection with intellectual property matters.

Cardinal is an independent financial advisory company providing investment advisory and portfolio management services.  Cardinal has used the mark CARDINAL CAPITAL MANAGEMENT ("Cardinal's CARDINAL CAPITAL MANAGEMENT Mark") to identify and distinguish its services since at least as early as 1992, and consumers have come to recognize Cardinal's CARDINAL CAPITAL MANAGEMENT Mark and to associate it exclusively with Cardinal and Cardinal's services.  Cardinal is also the owner of U.S. Trademark Reg. No. 2,436,074 for Cardinal's CARDINAL CAPITAL MANAGEMENT Mark, which is incontestable evidence of Cardinal's ownership of the mark and its exclusive right to use the mark in commerce.  A copy of the Certificate of Registration for this mark is attached.

It has come to our client's attention that your company based in West Allis, Wisconsin has been using the identical name and mark "Cardinal Capital Management, Inc." in connection with real estate development and management services.

Cardinal is concerned that your company's use of the "Cardinal Capital Management" name and mark is likely to cause consumers to believe that your company and Cardinal are the same company, or that your company's services are authorized by, licensed by, or associated

with Cardinal.  The parties' marks are identical, and the services are closely related, as consumers are accustomed to seeing real estate management and financial portfolio management services provided by the same or closely related companies.

Furthermore, we are aware that you previously filed, along with your partner Daniel O'Connell, Application Serial No. 78/349,097 to register the mark CARDINAL CAPITAL MANAGEMENT with the United States Patent and Trademark Office "(USPTO")" but this application was refused registration based upon a likelihood of confusion with Cardinal's previously registered CARDINAL CAPITAL MANAGEMENT Mark.  The USPTO concluded that "the respective services are directly related" and that these services "are in the same trade channels and are encountered by the same consumers."  Nevertheless, despite the USPTO's finding that the marks are confusingly similar, you have continued to use the mark.

Finally, our client has also recently received several inquiries or mistaken communications that were in fact intended for your company, which indicates that confusion among consumers is not only likely, but inevitable.  Most recently, our client received an e-mail from a law firm offering commercial litigation services in connection with a lawsuit filed against "Cardinal Capital Management, Inc." in King County, Texas, which turned out to be a lawsuit against your company.  This confusion is likely to cause significant damage to Capital and to the value of its CARDINAL CAPITAL MANAGEMENT Mark.

Therefore, your company's unauthorized use of the "Cardinal Capital Management, Inc." trade name and the CARDINAL CAPITAL MANAGEMENT mark constitutes trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. §1114 and 1125(a), as well as applicable state law.

Accordingly, on behalf of Cardinal, we request that your company take the following steps:

i)      Cease all use of the "Cardinal Capital Management, Inc." trade name and the CARDINAL CAPITAL MANAGEMENT Mark;

ii)     Select a new name and mark that does not contain "Cardinal" and is not confusingly similar to Cardinals' CARDINAL CAPITAL MANAGEMENT Mark;

iii)    Destroy all brochures, advertisements, letterhead, invoices, and other documents and materials in your company's possession bearing the "Cardinal Capital Management, Inc." trade name and/or the CARDINAL CAPITAL MANAGEMENT Mark;

iv)     Update all web sites and social media accounts owned or operated by or on behalf of the company to reflect the new name and mark;

v)      Update all directory listings to reflect the new name and mark; and

Erich Schwenker
July 8, 2025
Page - 3 -

        vi)      Agree in writing not to use the name and mark "Cardinal Capital Management," any other name or mark containing "Cardinal," or any name or mark confusingly similar to Cardinal's CARDINAL CAPITAL MANAGEMENT Mark at any time in the future.

      Provided that you promptly agree to comply with the above requests, Cardinal will allow for a reasonable period of time for your company to phase out its use of the "Cardinal Capital Management" name and mark and transition to a new mark.

      We look forward to receiving your response within fourteen (14) days of the date of this letter.  If you have any questions or would like to discuss this matter, please do not hesitate to contact us.  This communication is for settlement purposes only and is without prejudice to the rights of Cardinal.

               Very truly yours,

               Bassam N. Ibrahim

BNI/BJM|/fjg
Enclosure