UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARDINAL CAPITAL MANAGEMENT INC,

Plaintiff,

Case No. 26-cv-1083-bhl

v.

CARDINAL CAPITAL MANAGEMENT INC,

Defendant.

**ORDER GRANTING MOTION FOR CONSENT ORDER OF INJUNCTION**

Plaintiff, Cardinal Capital Management Inc., is a Raleigh, North Carolina-based investment advisory firm. On June 17, 2026, it filed its complaint against the identically-named Defendant, Cardinal Capital Management Inc., a West Allis, Wisconsin-based real estate financial services company, for knowingly using Plaintiff's "CARDINAL CAPITAL MANAGEMENT" trademark without authorization. The parties reached a settlement and, on October 23, 2026, filed a joint motion for entry of a Consent Order of Injunction. For the reasons stated below, the motion is granted.

**BACKGROUND**

Plaintiff sued Defendant for allegedly using Plaintiff's trademark without authorization. (ECF No. 1 ¶29.) Plaintiff alleges it registered the "CARDINAL CAPITAL MANAGEMENT" trademark and has been using it since 1992. (*Id.* ¶¶9, 11.) Defendants allegedly attempted to register the trademark in 2005 and were prohibited from doing so due to the existence of Plaintiff's mark. (*Id.* ¶¶25–28.) Defendant nonetheless continued using the mark in a manner that was confusing to consumers. (*Id.* ¶30.) Plaintiff brings three claims, citing the Lanham Act and state common law. (*Id.* ¶¶33–66.) The parties have settled this matter and filed a motion for Entry of Consent Order of Injunction. (ECF No. 16.) The proposed Consent Order prohibits Defendant from using the CARDINAL CAPITAL MANAGEMENT mark, or similar names, on consumer and non-consumer-facing materials. (*Id.* at 6–7.) It also requires Defendant to adopt the corporate name CCM, Inc. for its business.

(*Id.*) For the reasons discussed below, the proposed consent order is approved.

## ANALYSIS

There are three factors to consider when approving a consent order. It must "(1) 'spring from and serve to resolve a dispute within the court's subject matter jurisdiction'; (2) 'com[e] within the general scope of the case made by the pleadings'; and (3) 'further the objectives of the law upon which the complaint was based.'" *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (quoting *Loc. No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)). The Court has subject-matter jurisdiction over this case, considering the parties are diverse and the complaint raises a federal question under the Lanham Act. 28 U.S.C. §§1331–32. It comes within the general scope of the pleadings by prohibiting Defendant from using Plaintiff's trademark, the core issue in the complaint, and furthers the objectives of the law upon which the complaint was based by discouraging unauthorized use of trademarks and consumer confusion.

## CONCLUSION

Accordingly, for the reasons stated,

**IT IS HEREBY ORDERED** that the parties' joint motion for Entry of Consent Order of Injunction, ECF No. 16, is **GRANTED.** The Court will issue the Consent Order in a separate docket entry. The parties are directed to file a joint stipulation of dismissal to terminate the case under Fed. R. Civ. P. 41(a)(1)(A)(ii).

Dated at Milwaukee, Wisconsin on November 9, 2026.

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States Chief District Judge